UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN BRAEGER,

      Plaintiff,

                                        Case No. 2:19-cv-11847-LVP-EAS

vs.

                                        HON. LINDA V. PARKER

ARMANDO DOKU, an individual,
and AVANEER DENTAL STUDIO, LLC,
a Michigan limited liability company,

      Defendant.
_____/

| | |
|---|---|
| SCHWARTZ LAW FIRM, P.C.<br>By:  Mary A. Mahoney (P41568)<br>Attorneys for Plaintiff<br>37887 W. Twelve Mile Rd., Ste. A<br>Farmington Hills, MI 48331<br>(248) 553-9400<br>(248) 554-9107 Facsimile<br>mmahoney@schwartzlawfirmpc.com | SWISTAK LEVINE, P.C.<br>By:  Lawrence P. Swistak (P24892)<br>       John Hilla (P69128)<br>Attorneys for Defendants<br>30833 Northwestern Hwy., Ste. 120<br>Farmington Hills, MI 48344<br>(248) 851-8000<br>lswistak@swistaklevine.com |
| LAW OFFICES OF ABRAHAM<br>SINGER PLLC<br>By:  Abraham Singer (P23601)<br>Co-Counsel for Defendants<br>30833 Northwestern Hwy., Ste. 120<br>Farmington Hills, MI 48334<br>(248) 626-8888<br>asinger@singerpllc.com | |

_____/

**JOINT MOTION TO APPROVE SETTLEMENT**

NOW COME the parties by and through their respective counsel and for their Joint Motion to Approve Settlement, state the following.

1. The case at bar is a complaint alleging violation of the Fair Labor Standards Act, 29 U.S.C. 201 et seq.

2. That the parties, after extensive negotiation, have reached an amicable compromise of this matter.

3. That the settlement proposed by both parties is in the best interests of Plaintiff, Kathleen Braeger as it is a genuine dispute of a wage and hour claim under the Fair Labor Standards Act.

4. Case law interpreting the Fair Labor Standards Act, arguably, requires court approval of any settlement agreement. *Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983).

5. That the parties now wish to come before this Honorable Court to take testimony on the record from Plaintiff and have this Court enter the proposed Order approving the settlement and dismissing the entire action with prejudice (see Ex. A).

6. That the settlement agreement and its material terms will be presented to the Court at the time of hearing for review and approval.

7. The parties have also agreed to correct the misspelling of Defendant "Armando Duko" to "Armando Doku", and this change has been incorporated into the proposed dismissal order and this caption.

8. That concurrence was sought and Defendant concurs and stipulates in the relief sought in this Motion.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter the Order approving the settlement and dismissing the entire action with prejudice and without costs and fees, finding that the settlement is in the best interests of the Plaintiff.

## **STATEMENT OF ISSUES PRESENTED**

I. Whether to approve the settlement agreement between the parties for Plaintiff's Fair Labor Standards Act lawsuit.

Plaintiff Answers: Yes

Defendants Answer: Yes

## **STATEMENT OF CONTROLLING AUTHORITY**

The purpose of the Fair Labor Standards Act is to protect employees from detrimental labor conditions and to maintain minimum standards necessary for the well-being of workers. 29 U.S.C. § 202. Workers are guaranteed certain rights by the FLSA, and those rights are generally not subject to bargaining and cannot be compromised by settlement except in two narrow circumstances. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). One of those circumstances, applicable here, is when a federal district court approves settlement of a suit brought pursuant to Section 16(b) of the FLSA after scrutinizing the settlement for fairness. *Landsberg v. Acton Enterprises, Inc*., 2008 U.S. Dist. LEXIS 51544, 2008 WL 2468868 at *1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc*., 679 F.2d at 1353 (the court must determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Shulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 90 L. Ed. 1114 (1946))); 29 U.S.C. 216(b). In determining whether to approve a settlement a Court must consider whether it is fair, just and reasonable. To do so, the Court must look to the fairness of the decree to those affected, the adequacy of the settlement to the class and the public interest. *Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983).

## **FACTS**

Plaintiff brought suit in this matter under the Fair Labor Standards Act alleging that she consistently worked 10 hours a day and was only compensated for 8 hours a day on a salary basis. Defendant disputed Plaintiff's claims and a good faith settlement was reached on this bona fide dispute on December 13, 2019.

## **ARGUMENT**

Settlement and releases under the Fair Labor Standards Act, FLSA, are typically either be approved by the Department of Labor under 29 U.S.C. 216 or approved by the Court. *Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983). In determining whether to approve a settlement a Court must consider whether it is fair, just and reasonable. To do so, the Court must look to the fairness of the decree to those affected, the adequacy of the settlement to the class and the public interest. *Id*. In the present case, the settlement being proposed is fair and adequate. In salient part, the parties have agreed to a fair settlement of the overtime wages Plaintiff claims were owed in her Complaint. (Agreement available for inspection). Further litigation of Plaintiff's claim would have required significant additional resources and would not have been guaranteed a favorable result. Indeed, the result would have been contested, absent this settlement, and therefore the Plaintiff obtains certainty of resolution. In addition to this, the entire settlement proceeding, and payout is subject to the scrutiny and approval of the Court. As to the

vindication of the public interest, this settlement also promotes both judicial economy and the public good. In the interests of judicial economy, the Court will not be compelled to devote the substantial blocks of time required to litigate a FLSA case. The Court will not be compelled to make rulings on anticipated cross motions for summary judgment, nor sit in judgment on the claim. Simultaneously, this settlement agreement promotes the public good. As a part of this settlement, the Defendants, while specifically denying illegal conduct occurred, have resolved Plaintiff's claims. Plaintiff therefore has successfully promoted the purpose of the FLSA, which is clearly in the public interest. Thus, there is no public harm to result from the approval of this settlement.

                                      Respectfully submitted,

| | |
|---|---|
| SCHWARTZ LAW FIRM P.C. | SWISTAK LEVINE, P.C. |
| By: /s/ Mary A Mahoney (P41568)<br>Attorney for Plaintiff<br>37887 West Twelve Mile Rd., Ste. A<br>Farmington Hills, MI 48331<br>(248) 553-9400<br>mmahoney@schwartzlawfirmpc.com | By: /s/ Lawrence P. Swistak (P24892)<br>Attorney for Defendants<br>30833 Northwestern Hwy., Ste. 120<br>Farmington Hills, MI 48344<br>(248) 851-8000<br>lswistak@swistaklevine.com |

LAW OFFICES OF ABRAHAM SINGER PLLC

By: /s/ Abraham Singer (P23601)
Co-Counsel for Defendants
30833 Northwestern Hwy., Ste. 120
Farmington Hills, MI 48334
(248) 626-8888
asinger@singerpllc.com